UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT KALFUS,

                Plaintiff,

- against -

TURNER BROADCASTING SYSTEM, INC.

                Defendant.

Docket No. _____

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Robert Kalfus ("Kalfus" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Turner Broadcasting System, Inc. ("Turner" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of New York City Detective Joseph Lemm owned and registered by Kalfus, a New York City based photojournalist. Accordingly, Kalfus seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Kalfus is a Pulitzer Prize nominated professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 14 Sweetfield Circle, Apt. 3G, Yonkers, NY 10704. Kalfus has been a photojournalist for forty-three years and was nominated for the Pulitzer Prize for News Photography in 1978 and 1979. Kalfus work has appeared in many publications around the United States.

6. Upon information and belief, Turner is a corporation duly organized and existing under the laws of the State of Georgia, with a principal place of business at 1 CNN Center, Atlanta, Georgia 30303. Upon information and belief, Turner is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Turner has operated and continues to operate a cable and satellite television station Cable News Network under the call letters CNN. At all times material hereto, Turner has operated and continues to operate a website at the URL: www.CNN.com (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

7. On or about December 21, 2015 New York City Police Detective Joseph Lemm was killed in a suicide bombing in Afghanistan. Lemm was serving in the Air National Guard when he was killed by a Taliban assassin on a motorcycle near a United States air base. Lemm started his career in the 48th Precinct and then moved to the Bronx Warrant Squad.

8. On December 21, 2015, Kalfus licensed a Photograph he took of Lemm to the New York Post. A true and correct copy of said photograph (the "Photograph") is attached hereto as Exhibit A.

9. On December 21, 2015, The New York Post ran an article that featured the Photograph entitled *NYPD detective killed by suicide bomber in Afghanistan*. See (http://nypost.com/2015/12/21/nypd-detective-killed-by-suicide-bomber-in-afghanistan/). Kalfus' name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the web edition of the article is attached hereto as Exhibit B.

10. Kalfus is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyrights thereto.

11. The Photograph was registered with Copyright Office and was given Copyright Registration Number VA 200-2246, effective March 10, 2016.

B.  **Defendant's Infringing Activities**

12. Upon information and belief, during its telecast of their television show New Day and telecast of its television show Newsroom, Turner publically displayed a copy of the Photograph. Upon information and belief, Turner produces New Day and CNN Newsroom. Turner did not license the Photograph from Plaintiff for use during both telecasts nor did it have Plaintiff's permission or consent to display the Photograph during both telecasts.

13. Upon information and belief, Turner removed Kalfus' gutter credit, instead attributing the Photograph to NY1.

14. Upon information and belief, Turner ran an article on the Website entitled *Officer stood tall as hero, solider, 'Superman'*. See (http://www.cnn.com/2016/01/29/us/beyond-the-

call-of-duty-joseph-lemm/). The article prominently feature the Photograph. Turner did not license the Photograph from Plaintiff for use in its article, nor did Turner have Plaintiff's permission or consent to publish the Photograph on its Website.

15. Upon information and belief, despite Plaintiff's complaints, the article, including the Photograph remain posted on the Website.

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST TURNER)
## (17 U.S.C. §§ 106, 501)

16. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-15 above.

17. Turner infringed Plaintiff's copyright in the Photograph by reproducing and publically displaying the Photograph on their telecast of their television programs New Day and CNN News Room. Turner is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph on the telecasts.

18. Turner infringed Plaintiff's copyright in the Photograph by reproducing and publically displaying the Photograph on the Website. Turner is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph on the Website. A true and correct copy of the Photograph on the Website is attached hereto as Exhibit C.

19. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

20. Upon information and belief, the foregoing acts of infringement by Turner have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

21. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

22. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

23. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

24. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §502, Plaintiff is entitled to permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TURNER
## (17 U.S.C. § 1202)

25. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-24 above.

26. When the Photograph was published in an article in the New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

27. On the information and belief, in its article on the Website, Turner intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph and replaced such information with false, altered and inaccurate copyright management information that falsely identified the photographer of the Photograph.

28. On the information and belief, similarly, in its telecasts, Turner intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph and replaced such information with false, altered and inaccurate copyright management information that falsely identified the photographer of the Photograph.

29. The conduct of Turner violates 17 U.S.C. § 1202(b).

30. On the information and belief, Turners's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

31. On the information and belief, the falsification, alteration and/or removal of said copyright management information was made by Turner intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Turner also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

32. As a result of the wrongful conduct of Turner as alleged herein, Plaintiff is entitled to recover from Turner the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Turner because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

33. Alternatively, Plaintiff may elect to recover from Turner statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Turner be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Turner be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Defendant, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with any Defendant, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photograph, pursuant to 17 U.S.C. § 502;

4. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
May 9, 2016

LIEBOWITZ LAW FIRM, PLLC
By: /s/ Richard P. Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Robert Kalfus*